UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KATHLEEN CRESSON AND                    CIVIL ACTION
JUNE RUIZ

VERSUS                                  NO.  06-8788

STATE FARM FIRE AND CASUALTY CO.        SECTION: "R"(5)
AKA STATE FARM INSURANCE AND
CARL W. MIXON, STATE FARM AGENT
AND, XYZ, HIS ERRORS AND OMISSION
INSURANCE, AND THE HARTFORD
INSURANCE COMPANY


**ORDER AND REASONS**

Before the Court is the motion of defendant Hartford
Insurance Company under Federal Rule of Civil Procedure 21 to
sever the claim made against it by plaintiffs Kathleen Cresson
and June Ruiz from the claims made by plaintiffs against co-
defendants State Farm Fire and Casualty Company and Carl W. Mixon
or, alternatively, to separate the Hartford and State Farm claims
for trial under Federal Rule of Civil Procedure 42.  For the
following reasons, the Court GRANTS Hartford's motion to sever.


**I.    BACKGROUND**

The five properties that form the basis of this lawsuit are

each owned, at least in part, by plaintiff Kathleen Cresson. (R.
Doc. 1-1). The only one of these properties that is not owned
entirely by Cresson is a property jointly owned with plaintiff
June Ruiz. (*Id.*). As a result of Hurricane Katrina, each of
these properties sustained some degree of damage. Three of
Cresson's properties, along with the property she co-owns with
Ruiz, are insured exclusively by State Farm. (*Id.*). One of
Cresson's properties, located at 219-221 N. Clark St. in New
Orleans, is insured by Hartford under a commercial policy with
coverage for the building structure and under a business policy
with business interruption insurance. (*Id.*). There is a dispute
between the parties as to whether this property was also insured
under the National Flood Insurance Program through State Farm.

Plaintiffs filed this suit in Orleans Parish Civil District
Court naming both State Farm and Hartford as defendants. In
their state court petition, plaintiffs allege that these
insurance companies have not paid them the money to which they
are entitled for each of their properties. (*Id.*). Hartford
removed the action to this Court and then filed the instant
motion.

## II. DISCUSSION

Under Rule 21, a district court has "broad discretion" to

2

sever improperly joined parties.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).  To determine whether parties were properly joined under Rule 20(a), a district court must consider (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to all of the plaintiffs that will arise in the action.  Fed. R. Civ. P. 20(a).  Both requirements must be met for the parties to be properly joined.  *See Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, * 1 (E.D. La. Aug. 1, 2000); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1653 (2001).  Furthermore, courts may consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims.  *Rohr v. Metropolitan Ins. & Casualty Co.*, 2007 WL 163037, *2 (E.D. La. Jan. 17, 2007).

Here, the Court finds that plaintiffs' claims against State Farm regarding the properties insured exclusively by State Farm do not arise out of the same transaction or occurrence as plaintiffs' claim against Hartford.  Plaintiffs have not explained, in either their petition or in a filing responsive to

3

Hartford's instant motion, why their claim against Hartford should be joined with each of their claims against State Farm and Carl W. Mixon regarding properties insured exclusively by State Farm.  The Court therefore proceeds under the assumption that these claims are related only by virtue of the fact that they were both brought about by Hurricane Katrina.

In *Accardo v. Lafayette Insurance Company*, this Court found that the mere fact that Hurricane Katrina's winds and rains affected two or more properties that are the subject of the same lawsuit does not make the insurance claims made on those properties proper for joinder under Rule 20(a).  *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, *6 n.8 (E.D. La. Jan. 30, 2007).  In that case, the plaintiffs, who were eighteen homeowners in St. Bernard Parish, sued their respective insurance providers for breach of their insurance policies and bad faith claims-handling under La. Rev. Stat. §§ 22:658 and 22:1220.  The Court severed those claims by property owners because there was not sufficient commonality among the claims to warrant joinder in the same case.  *Id.* at *5.  As the Court stated in *Accardo*, "Under the plaintiffs' theory, virtually all claims against an insurance company by any homeowner who sustained damage in Hurricanes Katrina and/or Rita could be joined together in a lawsuit, so long as the homeowners reside in a generally similar

4

location." *Id.* Similarly, other recent decisions from the
Eastern District of Louisiana and Southern District of
Mississippi have found that simply because Hurricane Katrina
caused the damage in question is not sufficient, without more, to
satisfy the common transaction or occurrence requirement in Rule
20(a). *Rohr*, 2007 WL 163037, at *2; *Bradley v. Nationwide Mutual
Ins. Co.*, 2006 WL 2594548, *2 (S.D. Miss. Sept. 6, 2006); *Comer
v. Nationwide Mutual Ins. Co.*, 2006 WL 1066645, *1 (S.D. Miss.
Feb. 23, 2006).

Applying this reasoning to the instant matter, plaintiffs
cannot rely on the fact that one natural disaster, Hurricane
Katrina, caused the damage to all of their properties as a basis
for joining the claim against Hartford with each of their
separate claims regarding the four other properties insured
exclusively by State Farm.  The claims involve entirely different
factual and legal issues, including each property's respective
condition and location before the storm, the value of the
properties, the terms of their insurance policies, and the extent
of damage sustained.  Therefore, aside from Hurricane Katrina as
the cause, the State Farm claims do not arise "out of the same
transaction, occurrence, or series of transactions or
occurrences" as the Hartford claim under Rule 20(a).  This
requirement not having been met, the Court finds that Hartford

and State Farm were misjoined in this suit.  The Court thus severs the claim against Hartford from the claims against State Farm arising from properties that were exclusively insured by State Farm.  The Court's holding does not sever plaintiffs' claim against Hartford on the property at 219-221 N. Clark St. from plaintiffs' claim against State Farm regarding that same property.  This order severs only the claim made against Hartford from the claims made against State Farm and Carl W. Mixon on the four other properties that were undisputedly insured by State Farm exclusively.  Finally, the Court need not address Hartford's alternative motion for separate trials of plaintiffs' claims under Rule 42, in light of the Court's decision here.

## III. CONCLUSION

For the foregoing reasons, Hartford's motion to sever is GRANTED.


New Orleans, Louisiana, this 19th day of April, 2007.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE